**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

COBALT PARTNERS, LP, COBALT
PARTNERS II, LP, COBALT OFFSHORE
MASTER FUND, LP AND COBALT KC
PARTNERS, LP,

Plaintiffs,

v.

SUNEDISON, INC., AHMAD CHATILA,
BRIAN WUEBBELS, MARTIN
TRUONG, ALEJANDRO HERNANDEZ,
EMMANUEL HERNANDEZ, ANTONIO
R. ALVAREZ, PETER BLACKMORE,
CLAYTON DALEY JR., GEORGANNE
PROCTOR, STEVEN TESORIERE,
JAMES B. WILLIAMS, RANDY H.
ZWIRN, GOLDMAN, SACHS & CO., J.P.
MORGAN SECURITIES LLC, MORGAN
STANLEY & CO. LLC, MERRILL
LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, DEUTSCHE BANK
SECURITIES INC., MACQUARIE
CAPITAL (USA), INC., MCS CAPITAL
MARKETS LLC and DOES 1- 25,
inclusive,

Defendants.

No. C 16-02263 WHA

**ORDER DENYING
DEFENDANTS'
ADMINISTRATIVE MOTION TO
EXTEND TIME TO RESPOND**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In this securities action, defendants request suspension of their deadline to respond to
plaintiffs' complaint until disputes about jurisdiction and venue have been resolved.  Plaintiffs
oppose.  Previously, the parties agreed that defendants would respond by May 20, 2016.
Defendants now argue that "good cause" exists for an extension because:  (1) defendants intend

1  to seek a transfer to the Southern District of New York, in which case briefing may need to be

2  resubmitted to address Second Circuit case law; (2) defendants anticipate that plaintiffs may

3  seek to remand the case; (3) SunEdison filed for bankruptcy on April 21, 2016; (4) a delay

4  would enable defendants to more efficiently coordinate briefing and discovery with other

5  pending cases that arise from overlapping facts; and (5) plaintiffs would not be prejudiced by

6  the tolling.

7       In their motion, defendants describe their request as one for a "brief" extension.  In fact,

8  defendants request an indefinite extension.  Defendants have not shown "good cause" for an

9  indefinite extension.  Defendants do not contend that they have had insufficient time to prepare

10  a response.  Indeed, defendants previously agreed to the May 20 deadline.  Moreover,

11  proceeding with a motion to transfer is not incompatible with defendants' obligation to respond

12  to the complaint.  Finally, suspending the response deadline until after resolution of a transfer

13  motion would lead to a prolonged and unjustified delay.  Defendants' motion to extend time to

14  respond is therefore **DENIED**.

15       **IT IS SO ORDERED.**

16

17  Dated:  May 16, 2016.

18       WILLIAM ALSUP
         UNITED STATES DISTRICT JUDGE

2